IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ROBERTO REINO SOTORRIO,

    Plaintiff,

    v.

EL HIPOPOTAMO, INC., et al.,

    Defendants.

CIVIL NO. 04-2202 (RLA)

## ORDER IN THE MATTER OF DEFENDANTS' MOTION TO DISMISS

Defendants have moved the Court to dismiss this action alleging failure to state a claim as well as lack of a cognizable cause of action against the individually named defendant. The Court having reviewed the arguments presented as well as the amended complaint filed in the instant proceedings hereby rules as follows.

### Background

This action was instituted by ROBERTO REINO-SOTORRIO against EL HIPOPOTAMO, INC. and FRANCISCO ALMEYDA DE LEON claiming age discrimination under the provisions of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634.

Additionally, plaintiff has asserted claims under our supplemental jurisdiction pursuant to two Puerto Rico labor statutes, i.e., Law No. 100 of June 30, 1959, 29 P.R. Laws Ann. § 146 (2002) as well as Law No. 80 of May 30, 1976, P.R. Laws Ann. Tit. 29, § 185a *et seq.*

Defendants argue that the facts asserted in the amended pleading are insufficient to adequately plead an ADEA cause of action.

**CIVIL NO. 04-2202 (RLA)** **Page 2**

### Rule 12(b)(6)

In disposing of motions to dismiss pursuant to Rule 12(b)(6) Fed. R. Civ. P. the court will accept all factual allegations as true and will make all reasonable inferences in plaintiff's favor. <u>Frazier v. Fairhaven School Com.</u>, 276 F.3d 52, 56 (1st Cir. 2002); <u>Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.</u>, 267 F.3d 30, 33 (1st Cir. 2001); <u>Berezin v. Regency Sav. Bank</u>, 234 F.3d 68, 70 (1st Cir. 2000); <u>Tompkins v. United Healthcare of New England, Inc.</u>, 203 F.3d 90, 92 (1st Cir. 2000).

Our scope of review under this provision is a narrow one. Dismissal will only be granted if after having taken all well-pleaded allegations in the complaint as true, the court finds that plaintiff is not entitled to relief under any theory. <u>Brown v. Hot, Sexy and Safer Prods., Inc.</u>, 68 F.3d 525, 530 (1st Cir. 1995) <u>cert.</u> <u>denied</u> 116 S.Ct. 1044 (1996); <u>Vartanian v. Monsanto Co.</u>, 14 F.3d 697, 700 (1st Cir. 1994). Further, our role is to examine the complaint to determine whether plaintiff has adduced sufficient facts to state a cognizable cause of action. <u>Alternative Energy</u>, 267 F.3d at 36. The complaint will be dismissed if the court finds that under the facts as pleaded plaintiff may not prevail on any possible theory. <u>Berezin</u>, 234 F.3d at 70; <u>Tompkins</u>, 203 F.3d at 93.

### ADEA

The ADEA makes it "unlawful for an employer... to discharge any individual or otherwise discriminate against any individual...

**CIVIL NO. 04-2202 (RLA)**                                                              **Page 3**

because of such individual's age." 29 U.S.C. § 623(a)(1). Under the ADEA, an employer is liable if age was the motivating factor in the employer's decision. "That is, the plaintiff's age must have 'actually played a role in [the employer's decision making] process and had a determinative influence on the outcome'." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 141; 120 S.Ct. 2097; 147 L.Ed.2d 105 (2000) (*citing* Hazen Paper Co. v. Biggins, 507 U.S. 604, 610; 113 S.Ct. 1701; 123 L.Ed.2d 338 (1993)). Thus, in this case, plaintiff has the burden of establishing that defendant intentionally discriminated against him based on his age. *See*, Shorette v. Rite Aid of Maine, Inc., 155 F.3d 8, 12 (1st Cir. 1998).

Where, as here, there is no direct evidence of discrimination, the plaintiff may prove his case through the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Rivera Rodriguez v. Frito Lay Snacks Caribbean, 265 F.3d 15, 25 (1st Cir. 2001); Suarez v. Pueblo Int'l, Inc., 229 F.3d 49, 53 (2000); Feliciano v. El Conquistador, 218 F.3d 1, 5 (1st Cir. 2000). Under this framework, the plaintiff must prove that: (1) he was over forty (40) years of age; (2) his job performance was sufficient to meet his employer's legitimate job expectations; (3) he experienced an adverse employment action; and (4) the employer continued to need the services of the position claimant occupied. *See*, De La Vega v. San Juan Star, Inc., 377 F.3d 111, 117 (1st Cir. 2004); Gonzalez v. El Dia, Inc., 304 F.3d

**CIVIL NO. 04-2202 (RLA)**                                                                                           **Page 4**

63, 68 n.5 (1st Cir. 2002); Udo v. Tomes, 54 F.3d 9, 12 (1st Cir. 1995); Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1117 (1st Cir. 1993).

We find that plaintiff has satisfied these minimum requirements to adequately plead an ADEA claim in his filings with the court. There are sufficient facts asserted in the pleadings to put the defendant on notice of the claims asserted against them. Plaintiff has specifically stated that: he is 75 years old and thus protected by the provisions of the ADEA; his previous work was satisfactory and after acquiring the restaurant - where plaintiff had been employed for approximately 18 years - MR. ALMEYDA DE LEON engaged in specific age-based discriminatory conduct to force him to resign and eventually substitute him for a younger individual.

Accordingly, defendants' request to dismiss the ADEA claim is **DENIED**.

However, we find that the ADEA does not allow for individual liability of an employer's agents or supervisors. Rivera Sanchez v. Autoridad de Energia Electrica, 360 F. Supp.2d 302, 317 (D.P.R. 2005); Orell v. U. Mass. Mem'l Med. Ctr., Inc., 203 F. Supp.2d 52, 64 (D.Mass. 2002); Díaz v. Antilles Conversion & Export, Inc., 62 F. Supp.2d 463, 465 (D.P.R. 1999); Vicenty Martell v. Estado Libre Asociado de P.R., 48 F. Supp.2d 81, 87 (D.P.R. 1999).

Accordingly, the ADEA claims asserted against FRANCISCO ALMEYDA DE LEON in his individual capacity are hereby **DISMISSED**.

**CIVIL NO. 04-2202 (RLA)** **Page 5**

### Supplemental Claims

Additionally, defendants have moved the court not to entertain the claims asserted under the Puerto Rico statutory provisions and to dismiss the allegations based on state law against MR. ALMEYDA DE LEON in his individual capacity.

Law 100 is the local equivalent of ADEA providing for civil liability, *inter alios*, for age discrimination in employment.[1] <u>De La Vega v. San Juan Star, Inc.</u>, 377 F.3d 111, 119 (1st Cir. 2004); <u>Alvarez-Fonseca v. Pepsi Cola de Puerto Rico Bottling Co.</u>, 152 F.3d 17, 27 (1st Cir. 1998); <u>Varela Teron v. Banco Santander de Puerto Rico</u>, 257 F. Supp.2d 454, 462 (D.P.R. 2003). The Puerto Rico Supreme Court has unequivocally ruled that individual liability as to MR. ALMEYDA DE LEON is allowed under Law 100. <u>Rosario-Toledo v. Distribuidora Kikuet, Inc.</u>, 151 D.P.R. 634 (2000).

Accordingly, the request to dismiss the Law 100 cause of action against MR. ALMEYDA DE LEON in his personal capacity is **DENIED.**

Plaintiff also petitions relief under Law 80 also known as Puerto Rico Wrongful Discharge Act, which seeks to protect individuals in their employment by requiring employers to indemnify them if

---

[1] In pertinent part, the statute provides:

> Any employer who... fails or refuses to hire or rehire a person... on the basis of... age... shall incur civil liability....

29 P.R. Laws Ann. § 146.

**CIVIL NO. 04-2202 (RLA)** **Page 6**

discharged "without just cause". P.R. Laws Ann. tit. 29, § 185a (Supp. 1998).

The Court, in the exercise of its discretion, shall retain supplemental jurisdiction over the pendent Law 80 and Law 100 state law claims pursuant to 28 U.S.C. § 1367. *See*, Vera-Lozano v. Int'l Broadcasting, 50 F.3d 67, 70 (1st Cir. 1995). Accordingly, defendants' request to dismiss the local causes of action is **DENIED**.

### Conclusion

Based on the foregoing, defendants' Motion to Dismiss (docket No. **9**)[2] is disposed of as follows:

- The request to dismiss the ADEA claim is **DENIED**.
- The ADEA claims asserted against FRANCISCO ALMEYDA DE LEON in his individual capacity are hereby **DISMISSED**.
- The request to dismiss the Law 100 cause of action against MR. ALMEYDA DE LEON in his personal capacity is **DENIED**.
- The request to dismiss the local causes of action is **DENIED**.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 7th day of September, 2005.

                                          S/Raymond L. Acosta
                                          RAYMOND L. ACOSTA
                               United States District Judge

---

[2] *See*, plaintiff's Opposition (docket No. **14**).